FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2007 APR 13 AM 10: 20

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TROY GIVENS and CLARENCE DALCOUR  
Individually, and on Behalf of All Others  
Similarly Situated,

        Plaintiffs,

v.

FEDERAL EXPRESS CORPORATION,  
FEDEX GROUND PACKAGE SYSTEM, INC.,  
And FEDEX HOME DELIVERY, a division of  
FedEx Ground Package System, Inc.,

        Defendants.

: CIVIL ACTION
: JUDGE
: MAGISTRATE JUDGE
:
:
:
:
: COLLECTIVE ACTION COMPLAINT
: and JURY DEMAND

07 - 1824

SECT. C MAG. 4

Plaintiffs Troy Givens and Clarence Dalcour bring this lawsuit against Federal Express Corporation, FedEx Ground Package System, Inc. and FedEx Home Delivery, a division of FedEx Ground Package System, Inc., ["Defendants"], seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§201, *et seq.* In addition to seeking relief on behalf of themselves, Plaintiffs assert their FLSA claim on behalf of similarly situated workers as a collective action pursuant to 29 U.S.C. §216(b). The following allegations are based on personal knowledge as to Plaintiffs' own acts and are made on information and belief as to the acts of others:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over Plaintiffs' FLSA claim pursuant to 28 U.S.C. §1331 and 29 U.S.C. §216(b).

2. Venue in this Court is proper pursuant to 28 U.S.C. §1391(b).

Fee 35
Process
X Dktd
CtRmDep
Doc. No

1

## PARTIES

3. Plaintiff Troy Givens ("Givens") is an individual residing at 2563 Whippletree, Harvey, Louisiana 70058.

4. Plaintiff Clarence Dalcour ("Dalcour") is an individual residing at 7963 Edgelake Court, New Orleans, Louisiana 70029.

5. Givens and Dalcour are referred to herein collectively as "Plaintiffs."

6. During all relevant times Plaintiffs were employees entitled to the full protections of the FLSA.

7. Defendant Federal Express Corporation ("Corporation") is a Delaware corporation headquartered in Memphis, Tennessee and is engaged in the business of providing small package delivery worldwide and regularly engages in business within this judicial district.

8. Defendant FedEx Ground Package System, Inc. ("Ground") is a Delaware corporation headquartered in Memphis, Tennessee and is engaged in the business of providing small package delivery worldwide and regularly engages in business within this judicial district.

9. Defendant FedEx Home Delivery is a division of Defendant Ground and is engaged in the business of providing small package delivery worldwide and regularly engages in business within this judicial district.

10. During all relevant times, Defendants were employers covered by the FLSA.

## DEFENDANTS' COMMON BUSINESS PRACTICES

11. Defendants are one of the world's leading providers of small-package ground delivery services, primarily focusing on business and residential delivery of packages weighing less than 150 pounds.

12. Defendants operate a nationwide package sorting and distribution system consisting of approximately 500 facilities and 29 hubs throughout the United States and Canada.

13. In operating its package delivery and pick-up services, Defendants utilizes a fleet of over 15,000 vehicles, including, *inter alia*, cargo vans, 14-foot weather-tight cargo box vehicles, and 22-foot weather-tight cargo box vehicles. Most of the vehicles utilized by Defendants have a gross vehicle weight of less than 10,001 pounds, are not designed or used to transport more than eight passengers for any reason, and are not used to transport hazardous materials. As such, these vehicles are not "commercial motor vehicles" under the federal Motor Carrier Act, *see* 49 U.S.C. §31132(1), and are referred to herein as the "Non-Commercial Vehicles."

14. In operating its package delivery and pick-up services, Defendants employ thousands of purported independent contractors, each of whom is required to enter into a standardized contract with Defendants.

15. The great majority of Defendants' purported independent contractors regularly and consistently drives Non-Commercial Vehicles in performing their package delivery and pick-up duties on behalf of Defendant. These individuals are referred to herein as the "Class Members."

16. The Class Members' work is integral and indispensable to Defendants' core package delivery and pick-up service. Class Members' responsibilities include, *inter alia*: delivering all packages safely and on time consistent with Defendants' customer service guarantees and warranties; wearing Defendants' authorized uniform and ID badge; maintaining a professional and courteous manner in accordance with Defendants' standardized rules of

3

conduct; following detailed and standardized company operating procedures that apply to virtually every aspect of the Class Members' employment; and maintaining the Non-Commercial Vehicles in accordance with Defendants' detailed and companywide standards and specifications.

17. As a matter of economic reality, Class Members are economically dependent on Defendant for their livelihoods and exercise virtually no independent control over their employment.

18. Pursuant to Defendants' common business practices, Defendants closely direct and control Class Members' day-to-day activities and virtually all aspects of their employment.

19. Pursuant to Defendants' common business practices, Defendants do not require Class Members to make a significant personal investment relative to the investment by Defendants.

20. Pursuant to Defendants' common business practices, Class Members' opportunity for profit or loss is determined almost entirely by Defendants, and Class Members have virtually no control over the factors determining their level of profit or loss.

21. Pursuant to Defendants' common business practices, Defendants do not require Class Members to possess, obtain, or demonstrate specialized skills that are developed independently of the job. Nor do Defendants require Class Members to possess, obtain, or demonstrate levels of initiative beyond those required of general members of the workforce. For example, pursuant to Defendants' common business practices, Class Members do not have any control over, *inter alia*, the advertising, marketing, pricing, or scheduling of the delivery services that they provide.

22. Pursuant to Defendants' common business practices, Class Members generally are employed on a permanent, full-time basis and, as a matter of economic reality, they are not able to perform work for other delivery companies.

23. Pursuant to Defendants' common business practices, Class Members regularly work over forty hours per workweek without receiving the time-and-one-half overtime premium required by the FLSA. With respect to every Class Member, Defendants justify its non-payment of the overtime premium on grounds that Class Members are independent contractors – rather than employees – and, therefore, are not covered by the FLSA's protections.

## FACTS PERTAINING TO GIVINS

24. Since in or about January 2003, Givens has been employed by Defendants picking up and delivering packages in the New Orleans area. He regularly and consistently drives a Non-Commercial Vehicle.

25. At the commencement of his employment, Givens signed Defendants' standardized employment contract.

26. Givens has performed the duties generally described in paragraphs 11-23 *supra*.

27. As a matter of economic reality, Givens has been economically dependent on Defendants for his livelihood, and has exercised virtually no independent control over his employment.

28. Defendants have closely directed and controlled Givens's day-to-day activities and virtually all aspects of his employment.

29. Defendants have not required Givens to make a significant personal investment relative to the investment by Defendants.

5

30. Givens's opportunity for profit or loss has been determined almost entirely by Defendants, and Givens has had virtually no control over the factors determining his level of profit or loss.

31. Defendants do not require Givens to possess, obtain, or demonstrate – and Givens does not possess, obtain, or demonstrate – specialized skills developed independently of the job.

32. Defendants do not require Givens to possess, obtain, or demonstrate – and Givens does not possess, obtain, or demonstrate – levels of initiative beyond those required of general members of the workforce. Givens did not, for example, have any control over or input into, *inter alia*, the advertising, marketing, pricing, or scheduling of the delivery services that he provided for Defendants.

33. Givens has been employed on a permanent, full-time basis and, as a matter of economic reality, is not able to perform work for other delivery companies.

34. Givens has regularly worked over forty hours per workweek without receiving the time-and-one-half overtime premium required by the FLSA. Defendants justify its non-payment of the overtime premium on grounds that Givens is an independent contractor and, therefore, not covered by the FLSA's protections. In fact, however, Givens is not an independent contractor for purposes of the FLSA.

## FACTS PERTAINING TO DALCOUR

35. In 1993, Dalcour commenced his employment with Defendants picking up and delivering packages in the New Orleans area. He regularly and consistently drove a Non-Commercial Vehicle.

36. At the commencement of his employment, Dalcour signed Defendants'

6

standardized employment contract.

37. Dalcour perfomed the duties generally described in paragraphs 11-23 *supra*.

38. Dalcour continuously worked as a driver/delivery person until late-2005, when his employment with Defendants terminated.

39. As a matter of economic reality, Dalcour was economically dependent on Defendants for his livelihood, and he exercised virtually no independent control over his employment.

40. Defendants closely directed and controlled Dalcour's day-to-day activities and virtually all aspects of his employment.

41. Defendants did not require Dalcour to make a significant personal investment relative to the investment by Defendants.

42. Dalcour's opportunity for profit or loss was determined almost entirely by Defendants, and Dalcour had virtually no control over the factors determining his level of profit or loss.

43. Defendants did not require Dalcour to possess, obtain, or demonstrate – and Dalcour did not possess, obtain, or demonstrate – specialized skills developed independently of the job.

44. Defendants did not require Dalcour to possess, obtain, or demonstrate – and Dalcour did not possess, obtain, or demonstrate – levels of initiative beyond those required of general members of the workforce. Dalcour did not, for example, have any control over or input into, *inter alia*, the advertising, marketing, pricing, or scheduling of the delivery services that he provided for Defendants.

45. Dalcour was employed on a permanent, full-time basis and, as a matter of economic reality, was not able to perform work for other delivery companies.

46. Dalcour regularly worked over forty hours per workweek without receiving the time-and-one-half overtime premium required by the FLSA. Defendants justified its non-payment of the overtime premium on grounds that Dalcour was an independent contractor and, therefore, not covered by the FLSA's protections. . In fact, however, Dalcour was not an independent contractor for purposes of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

47. Plaintiffs bring this FLSA lawsuit pursuant to 29 U.S.C. §216(b) as a nationwide collective action on behalf of all persons who, during any time since August 10, 2005, worked in the United States for Defendant as purported independent contractors and, in that capacity, regularly drove Non-Commercial Vehicles, as defined in paragraph 13 *supra*.

48. Plaintiffs and the above-defined class of workers are similarly situated, as that term is defined in 29 U.S.C.§ 216(b), because, *inter alia*, class members worked pursuant to Defendants' previously described common business practices, and as a result of such practices, were not paid the legally mandated overtime premium due to Defendants' misclassification of them as independent contractors.

## COUNT I

49. All previous paragraphs are incorporated as if fully set forth herein.

50. The FLSA requires covered employees be compensated for every hour worked in the work week. *See* 29 U.S.C. §206(b).

51. The FLSA requires that covered employees receive overtime compensation "not

less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in the work week. *See* 29 U.S.C. §207(a) (1).

52. Plaintiffs and the class are covered employees entitled to the FLSA's protections.

51. Defendant is a covered employer required to comply with the FLSA.

52. Defendant has violated the FLSA with respect to Plaintiffs and the class by, *inter alia,* failing to pay Plaintiffs and the class the legally mandated overtime premium for hours worked over 40 in a workweek.

53. In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs seek the following relief on behalf of themselves and all others similarly situated:

A. An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. 216(b);

B. Prompt notice pursuant to 29 U.S.C. § 216(b) of this litigation to all potential class members;

C. A judgment declaring Defendants' classification of Plaintiffs and other class members as independent contractors to be unlawful:

D. An injunction prohibiting Defendants from engaging in future violations of the FLSA;

E. Monetary damages to the fullest extent permitted under federal law;

F. Liquidated damages to the fullest extent permitted under federal law;

G. Litigation costs, expenses and attorneys' fees to the fullest extent permitted under federal law;

H. Such other and further relief as this Court deems just and proper.

### JURY DEMAND

Plaintiffs demand a trial by jury as to all persons so triable.

April 12, 2007

*(signature)*

Eileen S. Goodin (La. Bar No. 15079) *egoodin@bnhmlaw.com*
Robert E. DeRose *(pro hoc vice anticipated) bderose@bnhmlaw.com*
Robert K. Handelman *(pro hoc vice anticipated)*
*bobhandelman@ameritech.net*
Sanford A. Meizlish *(pro hoc vice anticipated) smeizlish@bnhmlaw.com*
**BARKAN NEFF HANDLEMAN MEIZLISH, LLP**
360 South Grant Avenue
P.O. Box 1989
Columbus, Ohio 43216-1989
(614) 221-4221
Fax (614) 744-2300

Monica Ferarro (La. Bar No. 25387) *mferarro@bnhmlaw.com*
**BARKAN NEFF HANDELMAN MEIZLISH, LLP**
1515 Poydras Street
Suite 2230
New Orleans, LA 70112
(504) 525-0831
Fax (504) 525-0766

John S. Marshall *(pro hoc vice anticipated) marshall@ee.net*
Edward R. Forman *(pro hoc vice anticipated) eforman@ee.net*
**MARSHALL AND MORROW LLC**
111 West Rich Street, Suite 430
Columbus, Ohio 43215-5296
(614) 463-9790
Fax (614) 463-9780

10

Peter Winebrake (*pro hoc vice anticipated*) *pwinebrake@winebrakelaw.com*
**THE WINEBRAKE LAW OFFICES**
Twining Office Center, Suite 114
715 Twining Road
Dresher, PA 19025
(215) 884-2491
Fax (215) 884-2492

Bruce H. Meizlish (*pro hoc vice anticipated*) *brucelaw@fuse.net*
Deborah R. Grayson (*pro hoc vice anticipated*) *drgrayson@fuse.net*
**MEIZLISH & GRAYSON**
830 Main Street, Suite 999
Cincinnati, OH 45202
(513) 345-4700
Fax (513) 345-4703

Todd O'Malley (*pro hoc vice anticipated*) *tomalley@omalleylangan.com*
Mary Walsh Dempsey (*pro hoc vice anticipated*)
*mdempsey@omalleylangan.com*
**O'MALLEY & LANGAN, P.C.**
426 Mulberry Street, Ste. 104
Scranton, PA 18503
Telephone: (570) 344-2667
Fax: (570) 344-6199